UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL LADUE and AMANDA LADUE,<br><br>Plaintiffs,<br><br>v.<br><br>KETTLE FALLS INTERNATIONAL RAILWAY, LLC and OMNITRAX, INC.,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES<br><br>**Federal Employers Liability Act – Negligence**<br><br>**Federal Employers Liability Act – Strict Liability under Federal Safety Regulations – 49 C.F.R. Sec. 214** *et seq.*<br><br>**Negligence under Common Law**<br><br>**Loss of Consortium**<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiffs MICHAEL LADUE and AMANDA LADUE and allege as follows:

**PARTIES**

1. At all times relevant, Plaintiff MICHAEL LADUE was and is an individual residing in the State of Washington. Plaintiff MICHAEL LADUE was and is employed as a railroad track machine operator by All American Track, Inc., hereinafter "AAT."

2. At all times relevant, Plaintiff AMANDA LADUE was and is an individual residing in the State of Washington. At all times relevant, AMANDA LADUE was and is legally

COMPLAINT
Page 1 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

married to and residing with Plaintiff MICHAEL LADUE.

3. At all times relevant, KETTLE FALLS INTERNATIONAL RAILWAY, LLC, hereinafter "KFR" was and is a duly organized and existing Colorado company with its principle place of business in Denver, Colorado, authorized to and doing business in the State of Washington. KFR is a wholly owned subsidiary of Defendant OMNITRAX, INC. KFR engages in commerce between the state of Washington and Canada. KFR is a common carrier by railroad.

4. At all times relevant, OMNITRAX, INC., hereinafter "OMNITRAX" was and is a duly organized and existing Colorado company with its principle place of business in Denver, Colorado. OMNITRAX owns, manages and operates railroads across the United States, including KFR, which operates in the State of Washington. OMNITRAX is a common carrier by railroad.

5. Plaintiffs are informed and believe and therefore allege that each of said Defendants are responsible in some manner for the events and happenings and legally caused injuries and damages alleged herein.

6. Each of the Defendants was the agent and/or employee of each other Defendant and was acting in the course and scope of that agency and/or employment.

**JURISDICTION AND VENUE**

7. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

8. This action is brought, in part, under the Federal Employers Liability Act, "FELA," 45 U.S.C. §§ 51 *et seq*. As such, this court has jurisdiction of these matters.

9. This Court has supplemental jurisdiction over all other claims alleged herein, because all of Plaintiffs' claims form part of the same case or controversy under Article III of the

COMPLAINT
Page 2 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH
FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

United States Constitution. 28 U.S.C. § 1367.

10. Venue is proper in the Western District of Washington because, on information and belief, Defendants did business in King County at the time of commencing this action. 45 U.S.C. § 56.

## GENERAL ALLEGATIONS

11. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

12. In 2004, KFR acquired 76.5 miles of rail lines from BNSF. The acquired rail lines run between Kettle Falls, Washington and San Poil, Washington, hereinafter "San Poil Line."

13. In or around 2018, Defendants hired AAT to repair a washed-out section of track on the San Poil Line approximately 26 miles north of the KFR yard. The San Poil Line had been out-of-service to railroad traffic due to the washed-out section of the track and was to remain out-of-service until the track had been repaired.

14. In or around 2018, Plaintiff MICHAEL LADUE attended a one-day training course at a KFR facility. Defendant OMNITRAX conducted the training course.

15. On November 9, 2018, Plaintiff MICHAEL LADUE was employed by AAT as a railroad track machine operator. On that morning, Plaintiff MICHAEL LADUE's job, as the lead man on the surfacing crew, was to operate a tamper machine to finish surfacing track at the washout and align the repaired track.

16. On November 9, 2018, Brady Peterson, an OMNITRAX employee, conducted a job safety briefing for the day's work. Employees of OMNITRAX, KFR and AAT attended the job safety briefing. Peterson instructed Plaintiff MICHAEL LADUE and the AAT surfacing crew that the repairs to the washed-out section of track were to be finished that day, all track

COMPLAINT
Page 3 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH
FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

maintenance equipment was to be returned to the KFR yard and the San Poil Line was to open to rail traffic at midnight.

17. In the late afternoon of November 9, 2018, Plaintiff MICHAEL LADUE finished his work and waited for the rest of the surfacing crew to complete its work. When it became apparent that the work would not be completed that day, AAT machine operators told Defendant OMNITRAX's employee, Wyatt Willey, that the work would not be completed. By that time, it was dark, foggy and raining. Willey communicated with Defendant OMNITRAX's employee, Peterson, for instructions. Peterson instructed Plaintiff MICHAEL LADUE to return the tamper to KFR yard.

18. Shortly thereafter, Plaintiff MICHAEL LADUE traveled south on the San Poil Line on the tamper machine towards KFR yard. Unbeknownst to Plaintiff MICHAEL LADUE, Defendants had left railcars standing on the San Poil Line, a half-mile from KFR yard. When he saw what he thought was the end of a railcar, Plaintiff MICHAEL LADUE set the tamper's service brake, the parking brake and centered the traveler controller. After setting the brakes, the tamper slid on the rails and slammed into a standing railcar on the San Poil Line, a loaded bulkhead lumber flat car.

19. As a result of the collision, Plaintiff MICHAEL LADUE was violently thrown through the tamper's front windshield, causing him to lose consciousness and experience amnesia. He suffered and continues to suffer severe, permanent, and disabling injuries including the removal of his spleen and a kidney, a lacerated liver, a collapsed lung, a torn rotator cuff, fractures of several ribs, a fractured right ankle, a diaphragm rupture, sepsis, pleurisy, numbness on the right side of his neck, back injury, lacerations and bruising throughout his body and Post Traumatic Stress Disorder, "PTSD." Plaintiff MICHAEL LADUE was intubated and

COMPLAINT
Page 4 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH
FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

unconscious in the ICU for one week. After the initial hospitalization, he suffered a blood clot in his neck that required surgery, which caused Lemierre's Syndrome, an infectious thrombophlebitis of the internal jugular vein and septic infection. Plaintiff MICHAEL LADUE experienced and continues to experience severe pain and suffering, excessive stress and anxiety, and emotional shock giving rise to damages herein set forth.

20. As a result of the collision, Plaintiff MICHAEL LADUE was forced to, did incur, and continues to incur indebtedness for the services of licensed physicians and surgeons for x-rays, MRI's, medicines, appliances, surgery, hospitalization, and household care in a sum as yet unascertainable, and Plaintiff MICHAEL LADUE is informed and believes, and thereupon alleges, that he will require further medical attention as a result of said injuries and will therefore incur a further indebtedness in an amount as yet unascertainable, and to be proven at trial.

21. As a result of the collision and injuries herein alleged, Plaintiff MICHAEL LADUE has incurred and will incur economic damages in the form of past and future medical care and expenses, substitute domestic services and household care, and loss of past and future wages and fringe benefits, and impaired earning capacity in a reasonable amount to be determined by a jury at trial.

22. As a result of the collision and injuries herein alleged, Plaintiff MICHAEL LADUE suffered and will suffer non-economic damages in the form of past and future pain and suffering as well as interference with normal and usual activities apart from gainful employment in a reasonable amount to be determined by a jury at trial.

//

//

//

COMPLAINT
Page 5 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

# FIRST CAUSE OF ACTION

## Federal Employers Liability Act – Negligence as to All Defendants

23. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

24. This cause of action is brought under and by virtue of the provisions of the Federal Employers Liability Act, "FELA," 45 U.S.C. §§ 51 *et seq*.

25. KFR is a common carrier by railroad engaged in interstate commerce as a railroad interchange with BNSF, the Nelson and Fort Sheppard Railway Corporation, and the Grand Forks Railway.

26. OMNITRAX is a common carrier by railroad engaged in managing the operations of KFR and providing rail transportation services across the nation.

27. The incidents and injuries complained of arose while Plaintiff MICHAEL LADUE was performing duties in the furtherance of, or affecting, interstate commerce.

28. At all times relevant, Plaintiff MICHAEL LADUE was in an employment relationship with KFR and OMNITRAX, while he was nominally employed by AAT. KFR and OMNITRAX had the power to control and did control Plaintiff MICHAEL LADUE's work and AAT's work on Defendants' tracks.

29. At all times relevant, KFR and OMNITRAX owed to Plaintiff MICHAEL LADUE the non-delegable duty of exercising ordinary care to provide Plaintiff MICHAEL LADUE with a reasonably safe place to work; to provide reasonably safe tools and equipment for the performance of his work; to institute and oversee reasonably safe procedures and methods for the performance of said work; to warn and educate Plaintiff MICHAEL LADUE of unsafe

COMPLAINT
Page 6 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH
FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

conditions in the workplace; to monitor Plaintiff MICHAEL LADUE's workplace for hazards; and to take action to make the workplace safe when on notice of dangerous conditions.

30. At all times relevant, KFR and OMNITRAX, acting by and through its agents, servants, and employees, other than Plaintiff MICHAEL LADUE, breached and failed its aforementioned duties on the date of the incident, in that KFR and OMNITRAX carelessly and negligently:

    a. Instructed Plaintiff MICHAEL LADUE to return the tamper to KFR yard, but failed to notify Plaintiff MICHAEL LADUE that there were standing railcars on the San Poil Line;

    b. Failed to notify Plaintiff MICHAEL LADUE before working limits were released for the operation of trains on the San Poil Line;

    c. Failed to provide Plaintiff MICHAEL LADUE with a lead pilot/escort to monitor the San Poil Line for hazards and communicate with Plaintiff MICHAEL LADUE about such hazards;

    d. Failed to designate and qualify a person to supervise the restoration and renewal of the San Poil Line;

    e. Failed to sufficiently train and qualify each roadway worker in charge of providing on-track safety on the San Poil Line;

    f. Failed to equip the trailing end of the rear car of the standing railcars on the San Poil Line with a highly visible marker;

    g. Instructed Plaintiff MICHAEL LADUE to return the tamper to KFR yard in darkness, fog and freezing rain;

COMPLAINT
Page 7 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

     h.     Failed to comply with safe and proper industry-standard methods, procedures, and plans for the safety of Defendants' employees, including job safety briefings, communications, and compliance with general orders, track warrants, timetables, track bulletins, and special instructions;

     i.     Failed to comply with Defendants' own rules and procedures; and

     j.     Failed to comply with Federal and State rules and regulations.

31.     The negligence of KFR and OMNITRAX was a legal and proximate cause of Plaintiff MICHAEL LADUE's injuries and damages as herein alleged.

## SECOND CAUSE OF ACTION
### Federal Employers Liability Act – Strict Liability under Federal Safety Regulation 49 C.F.R. § 214.319 as to All Defendants

32.     Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

33.     This cause of action is brought under by virtue of the provisions of the FELA, 45 U.S.C. §§ 51 *et seq.*, in particular 45 U.S.C. §§ 53 and 54a, thereby incorporating 49 Code of Federal Regulations, "C.F.R.," § 214.319, titled "Working limits, generally," which imposes strict liability on railroad employers for, among other things, failing to notify affected roadway workers before working limits are released for the operation of trains.

34.     The conduct regulated by 49 C.F.R. § 214.319 is intended to promote the safety of railroad and roadway workers such as Plaintiff MICHAEL LADUE.

35.     Defendants KFR and OMNITRAX violated 49 C.F.R. § 214.319 by failing to notify roadway worker Plaintiff MICHAEL LADUE before working limits were released for the operation of trains on the San Poil Line. As a result, when Plaintiff MICHAEL LADUE returned the tamper machine to KFR yard, he was unaware that there was a standing train on the San Poil Line.

COMPLAINT
Page 8 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

36. Defendants' violation of 49 C.F.R. § 214.319 was a legal and proximate cause of Plaintiff MICHAEL LADUE's injuries and damages as herein alleged.

### THIRD CAUSE OF ACTION
**Federal Employers Liability Act – Strict Liability under
Federal Safety Regulation 49 C.F.R. § 214.321 as to All Defendants**

37. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

38. This cause of action is brought under by virtue of the provisions of the FELA, 45 U.S.C. §§ 51 *et seq.*, in particular 45 U.S.C. §§ 53 and 54a, thereby incorporating 49 Code of Federal Regulations, "C.F.R.," § 214.321, titled "Exclusive track occupancy," which imposes strict liability on railroad employers for, among other things, failing to place a track within working limits under the control of one roadway worker in charge of the working limits and failing to ensure that the movement of trains within working limits are authorized only under the direction of the roadway worker in charge of the working limits.

39. The conduct regulated by 49 C.F.R. § 214.321 is intended to promote the safety of railroad and roadway workers such as Plaintiff MICHAEL LADUE.

40. Defendants KFR and OMNITRAX violated 49 C.F.R. § 214.321 by failing to place the San Poil Line under the control of one roadway worker in charge on the date of the incident and/or failing to ensure that the movement of trains on the San Poil Line were authorized under the direction of the roadway worker in charge on the date of the incident.

41. Defendants' violation of 49 C.F.R. § 214.321 was a legal and proximate cause of Plaintiff MICHAEL LADUE's injuries and damages as herein alleged.

//

COMPLAINT
Page 9 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

### FOURTH CAUSE OF ACTION
**Federal Employers Liability Act – Strict Liability under**
**Federal Safety Regulation 49 C.F.R. § 213.7 as to All Defendants**

42. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

43. This cause of action is brought under by virtue of the provisions of the FELA, 45 U.S.C. §§ 51 *et seq.*, in particular 45 U.S.C. §§ 53 and 54a, thereby incorporating 49 Code of Federal Regulations, "C.F.R.," § 213.7, titled "Designation of qualified persons to supervise certain renewals and inspect track," which imposes strict liability on railroad employers for, among other things, failing to designate a qualified person to supervise restorations and renewal under traffic conditions.

44. The conduct regulated by 49 C.F.R. § 213.7 is intended to promote the safety of railroad and roadway workers such as Plaintiff MICHAEL LADUE.

45. Defendants KFR and OMNITRAX failed to designate a sufficiently qualified person to supervise the restoration and renewal of the San Poil Line on the date of the incident.

46. Defendants' violation of 49 C.F.R. § 213.7 was a legal and proximate cause of Plaintiff MICHAEL LADUE's injuries and damages as herein alleged.

### FIFTH CAUSE OF ACTION
**Federal Employers Liability Act – Strict Liability under**
**Federal Safety Regulation 49 C.F.R. § 214.353 as to All Defendants**

47. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

48. This cause of action is brought under by virtue of the provisions of the FELA, 45 U.S.C. §§ 51 *et seq.*, in particular 45 U.S.C. §§ 53 and 54a, thereby incorporating 49 Code of

COMPLAINT
Page 10 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH
FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

Federal Regulations, "C.F.R.," § 214.353, titled "Training and qualification of each roadway worker in charge," which imposes strict liability on railroad employers for, among other things, failing to train and qualify each roadway worker in charge who provides on-track safety on the content and application of the railroad's relevant operating rules.

49. The conduct regulated by 49 C.F.R. § 214.353 is intended to promote the safety of railroad and roadway workers such as Plaintiff MICHAEL LADUE.

50. Defendants KFR and OMNITRAX failed to sufficiently train and qualify each roadway worker in charge of providing on-track safety on the San Poil Line on the date of the incident on the content and application of the Defendants' relevant operating rules.

51. Defendants' violation of 49 C.F.R. § 214.353 was a legal and proximate cause of Plaintiff MICHAEL LADUE's injuries and damages as herein alleged.

### SIXTH CAUSE OF ACTION
### Negligence under Common Law as to all Defendants

52. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

53. At all times relevant, Defendants KFR and OMNITRAX owed Plaintiff MICHAEL LADUE a duty to exercise reasonable and ordinary care in supervising and controlling the work performed by Plaintiff MICHAEL LADUE on its tracks.

54. Defendants KFR and OMNITRAX failed to exercise ordinary care when they, on the date of the incident, among other acts or omissions:

    a. Instructed Plaintiff MICHAEL LADUE to return the tamper to KFR yard, but failed to notify Plaintiff MICHAEL LADUE that there were standing railcars on the San Poil Line;

COMPLAINT
Page 11 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

      b.      Failed to notify Plaintiff MICHAEL LADUE before working limits were released for the operation of trains on the San Poil Line;

      c.      Failed to provide Plaintiff MICHAEL LADUE with a lead pilot/escort to monitor the San Poil Line for hazards and communicate with Plaintiff MICHAEL LADUE about such hazards;

      d.      Failed to designate and qualify a person to supervise the restoration and renewal of the San Poil Line;

      e.      Failed to sufficiently train and qualify each roadway worker in charge of providing on-track safety on the San Poil Line;

      f.      Failed to equip the trailing end of the rear car of the standing railcars on the San Poil Line with a highly visible marker;

      g.      Instructed Plaintiff MICHAEL LADUE to return the tamper to KFR yard in darkness, fog and freezing rain;

      h.      Failed to comply with safe and proper industry-standard methods, procedures, and plans for the safety of Defendants' employees, including job safety briefings, communications, and compliance with general orders, track warrants, timetables, track bulletins, and special instructions;

      i.      Failed to comply with Defendants' own rules and procedures; and

      j.      Failed to comply with Federal and State rules and regulations.

55. KFR's and OMNITRAX's negligence was the proximate and legal cause of Plaintiff MICHAEL LADUE's injuries and damages.

COMPLAINT
Page 12 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

56. As a direct and legal result of KFR's and OMNITRAX's negligence, Plaintiff MICHAEL LADUE suffered injuries and damages as herein alleged.

## SEVENTH CAUSE OF ACTION

### Loss of Consortium under Common Law as to all Defendants

57. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

58. At all times relevant, Plaintiffs were legally married, and Plaintiffs continue to be married.

59. As a result of the wrongful and negligent acts of the Defendant KFR and OMNITRAX, Plaintiff AMANDA LADUE was caused to suffer, and will continue to suffer in the future, loss of consortium, fellowship, company, and cooperation in his marital relationship with Plaintiff MICHAEL LADUE, including loss of emotional support, love, affection, care, services, and companionship, all to the detriment of Plaintiffs' marital relationship.

60. KFR's and OMNITRAX's negligence was the proximate and legal cause of Plaintiff AMANDA LADUE's injuries and damages as alleged herein.

## JURY TRIAL DEMANDED

61. Plaintiffs hereby demand a trial by jury of all the claims asserted in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MICHAEL LADUE and AMANDA LADUE pray for judgment against the Defendants, KFR and OMNITRAX, as follows:

COMPLAINT
Page 13 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

a. For general damages, including pain and suffering, disability, and loss of enjoyment of life, and other damages provided by law and in amounts to be proven at trial.

b. For noneconomic damages, including loss of consortium, fellowship, company, and cooperation, in amounts to be proven at trial.

c. For past and future medical and out-of-pocket expenses, in an amount to be proven at trial.

d. For past and future economic damages, in an amount to be proven at trial.

e. For lost earning capacity, in an amount to be proven at trial.

f. For pre-judgment and post-judgment interest as allowed by law.

g. For costs of suit incurred herein.

h. For all such other and further relief as the Court deems just and equitable and all other damages provided by law.

DATED: October 5, 2020

Respectfully submitted,

HILDEBRAND MCLEOD & NELSON LLP

By: */s/ Carole M. Bosch*
    Carole M. Bosch, WSB #53844
    Anthony S. Petru (*pro hac forthcoming*)
    Scott H. Levy (*pro hac forthcoming*)
    350 Frank H. Ogawa Plaza, 4th Floor
    Oakland, CA 94612
    bosch@hmnlaw.com
    petru@hmnlaw.com
    levy@hmnlaw.com

*Attorneys for Plaintiffs*

COMPLAINT
Page 14 of 14

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)